Case 85—PETITION EQUITY—February 1.

# Back, &c., v. Combs.

APPEAL FROM BREATHITT CIRCUIT COURT.

1. INFANTS—REVIEW OF JUDGMENT—LIMITATION.—Fraud is one of the grounds upon which an infant may rely for the review of a judgment against him, as provided by section 391 of the Civil Code. But any suit brought for that purpose must be brought within one year next after the infant arrives at the age of twenty-one years, and the plaintiff must, by proper averments, show himself to be within that limitation.

2. SAME.—This right of suit applies only to such infants as were interested in the suit at the time of the rendition of the decree, and not to such as may, since that time, have become interested by the death of some other person who was a party to the cause.

J. B. MARCUM AND J. J. C. BACK FOR APPELLANTS.

A guardian can not speculate on his ward's property and create an interest in himself opposed to that of his wards. (Mitchum's Heirs v. Mitchum's Adm'x, 3 Dana, 260; Faucit v. Faucit, 1 Bush, 511.)

JUDGE GRACE DELIVERED THE OPINION OF THE COURT.

This suit was filed by Catherine Back and six others, claiming to be the children and heirs-at-law of one Isaac Back, who died in 1873, owning some real estate in Breathitt county. The plaintiffs allege in their petition that H. D. Back, one of said heirs, was duly appointed the administrator of said estate, and that Wm. Combs was, by the county court of Breathitt county, appointed guardian for six of said heirs, then infants, viz: Martha E. Back, W. J. Back, Joseph Lee Back, Evaline Clemons, Susan Clemons and Cora Alice Back. That said estate being insolvent, suit was duly filed for settlement of same as such, and that the debts being ascertained to be

some one thousand three hundred and ninety-two dollars and seventy-eight cents, the principal part of the lands of said decedent was sold to pay same, leaving, however, twelve acres unsold.   That after this, defendant Wm. Combs bought up some debts on said estate and had that also sold.   That Wm. Combs became the purchaser of both tracts of land. That said land first sold (which was under decree of date prior to September 15, 1879) was sold for the price of one thousand three hundred and ninety-two dollars and seventy-eight cents; that same was then worth six thousand dollars, and that said Combs also bought the small twelve acre piece for twenty-five dollars, and that same was then worth five hundred dollars.   That said Combs, besides being the guardian of the six infant heirs of said estate, and thus disqualified under the law from buying said lands, fraudulently combined with the administrator, H. D. Back, to slander the title to said lands, which they did, and thereby Combs bought it for much less than its real value.   That they also fraudulently combined with the appraisers appointed by the court to value said land, and have it valued at greatly less than its true value.

Plaintiffs make the other heirs-at-law of said Isaac Back, deceased, defendants, and pray for a recovery of said lands, or for a judgment against Wm. Combs for its value, six thousand dollars, and for six thousand five hundred dollars, the value of the rents and profits, for costs and for all proper relief.

It may be stated that plaintiffs embrace five of the six infant heirs for whom Wm. Combs was guardian,

viz: W. J. Back, Joseph Lee Back, Evaline Clemons, Susan Clemons and Cora Alice Back, omitting the name of Matthew Back, who died some years since, unmarried and without issue.

Giving to this suit the most liberal construction possible for plaintiffs, it is a suit for a review or retrial of the original suit under which the lands of their father, Isaac Back, were sold; to set aside said sale as fraudulently made, for an accounting for rents, &c.

By section 391 of the Civil Code, this right is secured to infants, and fraud as charged in this case is one of the grounds on which they may rely. The important limitation on this right, however, is, that any suit brought for that purpose must be brought within one year next after said infant arrives at the age of twenty-one years. This right of suit applies to those only who were infants at the time of the rendition of the decree, and not to such as may thereafter become interested in the suit or the subject-matter of same, by reason of the death of any other heir or of their ancestor who may have been a party to said cause.

This court has heretofore held that in suits of this character the parties plaintiff must by proper averments show themselves to be within the limitation fixed by the law at the time of filing their petition, otherwise, the same is subject to demurrer. We have examined this petition carefully, and while the statement is clearly made that as to five of the plaintiffs, they were infants at the time of taking the decree against them, there is no allegation by or as to any

one of them being an infant, or that this suit is filed within one year after they or either of them attained their majority, save and except as to plaintiff, Cora Alice Back, who sues by her next friend, Abner Miller. The statement is that she is an infant at the time of filing this suit. It appears by the record in this case that the petition of plaintiffs in this case was not filed until 1893—more than thirteen years after the original judgment. This statement brings her within the saving clause of the statute, and, consequently, the action of the court below in sustaining the demurrers as to her right of action was erroneous, and must be reversed. As to all the other parties plaintiff, we think the demurrers well taken, and the ruling of the court as to same is affirmed; but for the error indicated, and that Cora Alice Back may prosecute her suit, the judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.